

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

FEB 1 9 2008 MB
Feb 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Jerome Allen James

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Michael Sheahan, Scott Kurtovich, Director Andrews, Supt. Doe, Chief Doe, Captain Doe, Lt. Mundt, Sgt. Doody, M. Pentas, Sgt. Wayne, Jo McClenden, Ollie Gavin, Tyrone Gilmore, Brian Ruzanski, John Doe 1-30

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**08 cv 1019**
**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE SCHENKIER**

Case _____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

___ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

___ OTHER (cite statute, if known)

**BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.**

I.  **Plaintiff(s):**

   A. Name: Jerome Allen James
   B. List all aliases: David Johnson
   C. Prisoner identification number: 2006-0094933
   D. Place of present confinement: Cook County Jail
   E. Address: 2600 S. California Chicago, Ill. 60608

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: Michael Sheahan
      Title: (Former) Sheriff of Cook County
      Place of Employment: 2700 S. California Chicago, Ill. 60608

   B. Defendant: Scott Kurtovich
      Title: (Former) Executive Director of Cook County Jail
      Place of Employment: 2700 S. California Chicago, Ill. 60608

   C. Defendant: Director Andrews
      Title: (Former) Ass. Director of Cook County Jail
      Place of Employment: 2700 S. California Chicago, Ill. 60608

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendant: Superintendent Doe, John
   Title: Superintendent Division 5 April 26, 2006
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

E. Defendant: Chief John Doe
   Title: Chief Division 5 April 26, 2006
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

F. Defendant: Captain John Doe
   Title: Captain Division 5 (3-11 shift) April 26, 2006
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

G. Defendant: Lieutenant Mundt
   Title: Lieutenant Division 5 (3-11 shift) April 26, 2006
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

H. Defendant: Sergeant Doody
   Title: Sergeant Division 5 (3-11 shift) April 26, 2006
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

I. Defendant: Investigator M. Rentas
   Title: I.A.D. Investigator
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

Pg. 2 continue

J. Defendant: Ollie Gavin
   Title: Correctional Officer Division 5 (3-11 shift)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

K. Defendant: Tyrone Gilmore
   Title: Correctional Officer Division 5 (3-11 shift)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

L. Defendant: Brian Ruzanski
   Title: Correctional Officer Division 5 (3-11 shift)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

M. Defendant: Sergeant Wayne
   Title: Sergeant Division 5 (R.C.D.C. 2-10 shift)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

N. Defendant: Correctional Officer McClenden
   Title: Correctional Officer Division 5 (R.C.D.C. 2-10 shift)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

O. Defendant: John Does' 1-30
   Title: Correctional Officers Division 5 3-11 shift (R.C.D.C.)
   Place of Employment: 2700 S. California, Chicago, Ill. 60608

Pg2 continue

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: N/A

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

### Nature of Case

1. This is a civil rights action by Jerome A. James, a pre-trial detainee at the Cook County Jail alleging the use of excessive force by Cook County Jail Correctional officers and officials. Deliberate indifference to said instance of excessive force, and a well established practice of the use of excessive force that was a direct and proximate cause of said excessive force used on Jerome A. James.

### The Parties

2. At all times relevant to this complaint the plaintiff Jerome A. James (hereinafter "plaintiff") was a pre-trial detainee at Cook County Jail awaiting trial on charges of three counts of Aggrevated Battery and one Count of Attempt First Degree Murder.

4

Revised 9/2007

3. At all times relevant to this complaint Defendant Michael Sheahan was employed as Sheriff of Cook County, and was ultimately responsible for all policies, practices, and procedures of the Cook County Jail that apply to the detainees, and is individually responsible for failing to take the reasonable steps to eliminate the Cook County Jail wide practice of excessive force set forth infra which was a direct and proximate cause of the excessive force suffered by the plaintiff.

4. Defendant Michael Sheahan (hereinafter "Sheahan") knew of this practice of excessive force, knew that his subordinates were not taking the reasonable steps to eliminate said practice of excessive force, and he himself failed to take the reasonable steps to eliminate said practice of excessive force alleged by plaintiff, in knowing disregard of the fact that further instances of excessive force and detainee injuries would result. He is sued in his individual and official capacities.

5. At all times relevant to this complaint Defendant Scott Kurtovich (hereinafter "Kurtovich") was employed as the Chief Executive Director of Cook County Jail and was ultimately responsible for all policies, practices, and procedures of the Cook County Jail (hereinafter "C.C.J.") which applies to it's detainees and his subordinates. He is sued in his individual and official capacities.

6. At all times relevant to this complaint, Defendant Assistant Executive Director Andrews (hereinafter "Andrews") was employed as the Assistant Executive Director of C.C.J. He is sued in his individual and official capacities.

7. At all times relevant to this complaint, Defendant Superintendent John Doe was employed as the Superintendent of Division 5. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will be identified at a later date and be properly named in an amended complaint.

8. At all times relevant to this complaint, Defendant Chief John Doe was employed as the Chief of Division 5. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will be identified at a later date and properly named in an amended complaint.

9. At all times relevant to this complaint, Defendant Captain John Doe was employed as the Captain of Division 5 3 to 11 shift. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will be identified at a later date and properly named in an amended complaint.

Pg. 5 Continued

Pg 5 (8)

10. At all times relevant to this complaint, Defendant Lieutenant Mundt (hereinafter "Mundt") was employed as a lieutenant in Division 5 3 to 11 shift at C.C.J. He is sued in his individual and official capacities.

11. At all times relevant to this complaint, Defendant Sergeant Doody (hereinafter "Doody") was employed as a sergeant in Division 5 3 to 11 shift at C.C.J. He is sued in his individual and official capacities.

12. At all times relevant to this complaint, Defendants Ollie Gavin, (hereinafter "Gavin") Tyrone Gilmore, (hereinafter "Gilmore") and Brian Ruzanski (hereinafter "Ruzanski") were employed as Correctional Officers at Division 5 3 to 11 shift at C.C.J. They are sued in their individual and official capacities.

13. At all times relevant to this complaint, Defendant Sergeant Wayne (hereinafter "Wayne") was employed as a sergeant in Division 5 R.C.D.C. 2 to 10 shift at C.C.J. He is sued in his individual and official capacities.

14. At all times relevant to this complaint, Defendant Correctional Officer McClenden (hereinafter "McClenden") was employed as a Correctional Officer in Division 5 R.C.D.C. 2 to 10 shift at C.C.J. He is sued in his individual and

official capacities.
15. At all times relevant to this complaint, Defendant M. Rentas (hereinafter "Rentas") was employed as an Internal Affairs Investigator at the Cook County Jail. He is sued in his individual and official capacities.

16. At all times relevant to this complaint, Defendants John Doe 1-30 were employed as Correctional Officers in Division 5 and Division 5 R.C.D.C. at the Cook County Jail. They are being sued in their individual and official capacities. The real names and identities of John Doe 1-30 are unknown to the Plaintiff. If able to name and identify these John Does they will be properly added in an amended complaint.

Color of state law:

17. All of the Defendants have acted under the color of state law at all times relevant to this complaint.

I

18. Excessive force claim - individual liability and deliberate indifference.

19. On April 26, 2006 Defendants Sheahan, Kurtovich, Andrews, Supt. Doe, Chief Doe, Captain Doe, Mundt, Doody, Wayne, Gavin, Gilmore, Ruzanski, McClenden,
Pg 5 (4)     Pg. 5 Continued

Rentas, and John Does 1-30 were duly employed employees of the Cook County Department of Corrections working at the Cook County Jail within their scope of employment and pursuant to the practice, policies, and procedures of the Cook County Jail which applies to it's Detainees.

### Count One:

20. On April 26, 2006 in the C.C.J. Division 5 hallway between tiers 1-A and 1-B the Plaintiff was beaten, punched, stomped, kicked, and dragged by Defendants Gavin, Gilmore, Ruzanski, Doody, and John Doe's 1-20 these actions were done maliciously and sadistically for the sole purpose of causing the Plaintiff physical pain and suffering. Defendants Chief Doe, Captain Doe, and Mundt stood by watching, allowing, and condoning the use of excessive force on the Plaintiff.

21. As a direct and proximate cause of the above described actions and inactions of the Defendants, The Plaintiff 8th and 14th United States Constitutional rights to be free from excessive force and cruel and unusual punishment were violated. The Plaintiff also suffered head, neck and back trauma, and pain throughout the entire body which continues

Pg 5
(5)

Pg. 5 Continued

to the present day.

22. On information and belief, Defendants Gavin, Gilmore, Doe 1-30 McClenden, and Wayne have engaged in several dozen past instances of excessive force on C.C.J. detainees, which would constitute as a practice. It was pursuant to this practice of excessive force that defendants used on Plaintiff as set forth in paragraphs 1 through 21 supra and incorporated herein. Defendants Sheahan, Kurtovich, Andrews, Supt. Doe, Chief Doe, Captan Doe, Mundt, and Rentas knew of this practice of excessive force, knew that this practice of excessive force posed an imminent risk of serious bodily harm if not death to the detainees of C.C.J. and failed to take the reasonable steps to protect Plaintiff and others from said practice of excessive force, despite the duty they owed Plaintiff. Therefore directly, and proximately causing the excessive force suffered as described in paragraphs 1-21 and incorporated herein. Defendants Sheahan knew of past usage of excessive force practice, knew it was continuely going on, knew his subordinates were not taking the reasonable steps to protect the Jail detainees, and therefore he, himself encouraged, allowed, condoned, and ~~appro~~ ultimately approved of the excessive force practice at C.C.J.

Pg 5
⑥

Pg. 5 continued

23. Moreover the excessive force suffered by Plaintiff and other C.C.J. Detainees would be covered up. Defendants Sheahan, Kurtovich, Andrews, Supt. Doe, Chief Doe, and Rentas took steps insuring that the actions of the defendants and other C.C.J officers would be covered up, Therefore further encouraging the practice and procedure of excessive force on C.C.J. Detainees.

Count Two:

Realleging paragraphs 1-23 above and incorporating herein.

24. On April 26, 2006 at approximately 4:08 PM in the C.C.J. Division 5 hallway outside the Security office immediately following the excessive force used on Plaintiff alleged in paragraph 20 count one. The Plaintiff was handcuffed behind the back, placed in leg irons and put on his knees facing a brick wall. Defendants Gavin and Gilmore approached the Plaintiff from behind and begin smashing his head into the wall. This was done for the sole purpose of causing the plaintiff pain and suffering. As a result the plaintiff suffered serious head and neck injuries, and an approximate two inch laceration and swelling to the forehead. Defendants Mundt, Chief and Captain Doe

stood nearby watching, and condoning the use of excessive force and did nothing to protect the Plaintiff. The actions of the Defendants were done deliberately and maliciously at all times relevant to this complaint.

25. In establishing municipal liability on this count, The Plaintiff realleges and incorporates into this paragraph the allegations of paragraphs 1-24 supra.

Count Three:

Realleging paragraphs 1-25 above and incorporating herein

26. On April 26, 2006 at approximately 4:20pm in C.C.J. Division 5 R.C.D.C. Defendants Ruzanski, Mundt, McClenden, Wayne, and John Doe's 21-30 beat, stomped, punched, kicked, and otherwise tortured the Plaintiff, while the Plaintiff was in full restraints (handcuffs and leg irons.) and unable to protect ~~himself~~ or defend himself. As a result of this excessive force the Plaintiff suffered multiple bruises and lacerations over his body, serious cuts to the wrists and ankles when officers purposely tightened ~~the~~ the cuffs and leg irons, A chipped tooth, and a severe cut to the lower lip which required 6 stitches to close. The actions of the defendants were done deliberately and

Pg 5 (8)

Pg. 5 Continued

maliciously at all times relevant to this complaint.

27. In establishing municipal liability on this count, The Plaintiff realleges and incorporates into this paragraph allegations of paragraph 19 supra.

II

28. The Plaintiff further alleges that Defendants Kurtovich, Supt. and Chief Doe, Andrews and Rentas took steps in covering up the use of excessive force against the Plaintiff by placing the Plaintiff into Administrative Segregation (A.B.O. or S.I.) for a period of 9 months approximately. Then charged criminally. The Detainee Grievance filed by the Plaintiff for Administrative Relief was not properly investigated, no witnesses nor was the Plaintiff interviewed. Investigator Rentas added in covering up the excessive force used against the Plaintiff.

pg 5 (9)                    pg 5 continued

V.  **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

As to Count One: Monetary and Punitive Damages against each Defendant. As to Count Two: Monetary and Punitive Damages against each Defendant. As to Count Three: Monetary and Punitive Damages against each Defendant. Injunctive relief directing Defendants and their agents to refrane from using excessive force on Plaintiff.

VI.  The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __8__ day of __Feb.__, 20 __08__

_Jerome James_
(Signature of plaintiff or plaintiffs)

__JEROME  JAMES__
(Print name)

__2006-0024933__
(I.D. Number)

__P.O. Box 089002__
__Chicago, Illinois. 60608__
(Address)