# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1019 | **DATE** | March 28, 2008 |
| **CASE TITLE** | Jerome Allen James (B-68976) v. Michael Sheahan | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's place of confinement to deduct $14.00 from plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. The clerk is directed to issue summonses for service on the defendants, except the John Doe defendants, by the U.S. Marshal. The clerk is further directed to send a Magistrate Judge Consent Form, Instructions for Submitting Documents, and this order to plaintiff. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jerome Allen James (B-68976), currently incarcerated at Pinckneyville Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendants, Cook County Jail officers and officials, violated his constitutional rights by either using excessive force against plaintiff or by acting with deliberate indifference by allowing others to use excessive force.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $14.00. The trust fund officer at plaintiff's place of incarceration, currently Pinckneyville Correctional Center, is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred, and the trust fund office at Pinckneyville shall notify authorities at any transferee facility of an outstanding balance.

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's civil rights complaint. Accepting the allegations in this complaint as true, plaintiff may proceed with his claims against Michael Sheahan, Scott Kurtovich, Director Andrews, Lieutenant Mundt, Sergeant Doody, M Rentas, Sergeant Wayne, Ollie Gavin, Tyrone Gilmore, and Brian Ruzanski. Although a more detailed record may show that plaintiff's claims are without merit, the defendants must respond to the allegations in the complaint.

The clerk shall issue summonses forthwith for these defendants, and shall send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.
(**CONTINUED**)

isk

**STATEMENT (continued)**

    Summonses will not issue for the John Doe defendants (Superintendent Doe, Chief Doe, and Captain Doe). To proceed with a suit against a defendant, the defendant must be served with the complaint, which cannot be done unless the identity of the defendant is known. If the name of a defendant is not known, a plaintiff may refer to the defendant as John or Jane Doe, as plaintiff in this case has done, and name a supervisory official to discover the identity of the unknown defendant. If plaintiff wants to continue with his suit against the "Doe" defendants, he must learn their identities and seek to submit an amended complaint to include their names. Plaintiff may conduct discovery on one of the supervisory officials currently named as defendants, once an attorney has made an appearance on their behalf. Plaintiff shall have 90 days from the date of an appearance on behalf of a supervisory official to submit an amended complaint with the names of the "Doe" defendants. Failure by plaintiff to attempt to learn the identities of these defendants during that time will result in dismissal of the "Doe" defendants. Plaintiff is advised that an amended complaint supersedes an original complaint and must stand complete on its own. The court will not refer back to prior pleadings to determine plaintiff's claims. Plaintiff should thus include all the claims he seeks to raise and all the defendants he seeks to sue in the amended complaint.

    The United States Marshals Service is appointed to serve the named defendants, Michael Sheahan, Scott Kurtovich, Director Andrews, Lieutenant Mundt, Sergeant Doody, M Rentas, Sergeant Wayne, Ollie Gavin, Tyrone Gilmore, and Brian Ruzanski. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former jail employees who no longer can be found at the work address provided by plaintiff, Cook County Jail authorities shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

    Plaintiff's motion for the appointment of counsel does not indicate that plaintiff has unsuccessfully attempted to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).