UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME ALLEN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1019 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James Holderman |
| MICHAEL SHEAHAN, SCOTT KURTOVICH, | ) | |
| DIRECTOR ANDREWS, SUPT. DOE, | ) | Magistrate Judge Schenkier |
| CHIEF DOE, CAPTAIN DOE, LT. MUNDT, | ) | |
| SGT. DOODY, M. RENTAS, SGT. WAYNE, | ) | |
| C/O McCLENDON, OLLIE GAVIN, | ) | |
| TYRONE GILMORE, BRIAN RUZANSKI, | ) | |
| JOHN DOE 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Now come the defendant, Michael Sheahan, former Sheriff of Cook County, by his attorney Richard A. Devine, by and through his assistant, Jack G. Verges, and pursuant to Fed.R.Civ.P. 12(b)(6), move this Honorable court to dismiss Plaintiff's Amended Complaint against him for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (*quoting* Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a

district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

### DEFENDANT MICHAEL SHEAHAN IS NOT LIABLE IN HIS INDIVIDUAL CAPACITY.

Michael Sheahan, former Sheriff of Cook county, is sued in his individual capacity and official capacity. Plaintiff fails to allege any personal involvement of Defendant Michael Sheahan, former Sheriff of Cook County. To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit has reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125,1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864,869 (7th Cir. 1983)(emphasis in original).

A plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). A plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). In addition, the allegations must go beyond what a defendant "should have known." *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct 598, 607 (1976). Because

the doctrine of *respondent superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 90 S. Ct. 2018, 2036 (1978).

There are no allegations that Defendant Michael Sheahan participated directly or otherwise in any violation of Plaintiff's constitutional rights. Plaintiff fails to state a cause of action and the complaint should be dismissed with prejudice with regard to Sheahan in his individual capacity.

Based upon the foregoing, the Amended Complaint against Defendant Michael Sheahan, in his individual capacity should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant Michael Sheahan, former Sheriff of Cook County, respectfully requests that this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: /s/ Jack G. Verges
      JACK G. VERGES
      Assistant State's Attorney
      500 Richard J. Daley Center
      Chicago, IL  60602
      (312) 603-3469
      # 6186215