UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME ALLEN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1019 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James Holderman |
| MICHAEL SHEAHAN, SCOTT KURTOVICH, | ) | |
| DIRECTOR ANDREWS, SUPT. DOE, | ) | Magistrate Judge Schenkier |
| CHIEF DOE, CAPTAIN DOE, LT. MUNDT, | ) | |
| SGT. DOODY, M. RENTAS, SGT. WAYNE, | ) | |
| C/O McCLENDON, OLLIE GAVIN, | ) | |
| TYRONE GILMORE, BRIAN RUZANSKI, | ) | |
| JOHN DOE 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants' BRIAN RUZANKI, TYRONE GILMORE, OLLIE GAVIN, OFFICER McCLENDON, SGT. WAYNE, M. RENTAS, SGT. DOODY, LT. MUNDT, DIRECTOR ANDREWS and SCOTT KURTOVICH, through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his assistant, Jack G. Verges, Assistant State's Attorney, answer Plaintiff's complaint as follows:

**Nature of Case**

1. This is a civil rights action by Jerome A. James, a pre-trial detainee at the Cook County Jail alleging the use of excessive force by Cook County Jail Correctional Officers and officials. Deliberate indifference to said instance of excessive force, and a well established practice of the use of force that was a direct and proximate cause of said excessive force used on Jerome A. James.

ANSWER: Defendants deny the allegations contained in paragraph one.

**The Parties**

2. At all times relevant to this complaint the plaintiff Jerome a. James (hereinafter "plaintiff") was a pre-trial detainee at Cook county Jail awaiting trial on charges of three counts of aggravated battery and one count of attempt first degree murder.

    ANSWER:   Defendants admit the allegations contained in paragraph two.

3. At all times relevant to this complaint Defendant Michael Sheahan was employed as Sheriff of Cook County, and was ultimately responsible for all policies, practices, and procedures of the Cook county Jail that apply to the detainees, and is individually responsible for failing to take the reasonable steps to eliminate the Cook County Jail wide practice of excessive force set forth intra which was a direct and proximate cause of the excessive force suffered by the plaintiff.

    ANSWER:   Defendant Sheahan has a pending motion to dismiss. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three.

4. Defendant Michael Sheahan (hereinafter "Sheahan") knew of this practice of excessive force, knew that his subordinates were not taking the reasonable steps to eliminate said practice of excessive force, and he himself failed to take the reasonable steps to eliminate said practice of excessive force alleged by plaintiff, in knowing disregard of the fact that further instances of excessive force and detainee injuries would result. He is sued in his individual and official capacities.

ANSWER: Defendant Sheahan has a pending motion to dismiss. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four.

5. At all times relevant to this complaint Defendant Scott Kurtovich (hereinafter "Kurtovich") was employed as the Chief Executive Director of Cook county Jail and was ultimately responsible for all policies, practices, and procedures of the Cook County Jail (hereinafter "C.C.J.") Which applies to it's detainees and his subordinates. He is sued in his individual and official capacities.

ANSWER: Defendant Kurtovich denies the allegations contained in paragraph five.

6. At all times relevant to this complaint, Defendant Assistant Executive Director Andrews (hereinafter "Andrews") was employed as the Assistant Executive Director of C.C.J. He is sued in his individual and official capacities.

ANSWER: Defendant Andrews admits the allegations contained in paragraph six.

7. At all times relevant to this complaint, Defendant Superintendent John Doe was employed as the Superintendent of Division 5. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will identified at a later date and be properly named in an amended complaint.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.

8. At all times relevant to this complaint, Defendant John Doe was employed as the Chief of Division 5. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will be identified at a later date and properly named in an amended complaint.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight.

9. At all times relevant to this complaint, Defendant Captain John Doe was employed as the Captain of Division 5 3 to 11 shift. He is sued in his individual and official capacities. His real name is unknown to the Plaintiff. He will be identified at a later date and properly named in an amended complaint.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10. At all times relevant to this complaint, Defendant Lieutenant Mundt (hereinafter "Mundt") was employed as a lieutenant in Division 5 3 to 11 shift at C.C.J. He is sued in his individual and official capacities.

ANSWER: Defendant Mundt admits the allegations contained in paragraph ten.

11. At all times to this complaint, Defendant Sergeant Doody (hereinafter "Doody") was employed as a sergeant in Division 5 3 to 11 shift at C.C.J. He is sued in his individual and official capacities.

ANSWER: Defendant Doody admits the allegations contained in paragraph eleven.

12. At all times relevant to this complaint, Defendants Olli Gavin, (hereinafter "Gavin") Tyrone Gilmore, (hereinafter "Gilmore") and Brian Ruzanski (hereinafter "Ruzanski") were employed as Correctional Officers at Division 5 3 to 11 shift at C.C.J. They are sued in their individual and official capacities.

> ANSWER: Defendants Gavin, Gilmore, and Ruzanski admit the allegations contained in paragraph twelve.

13. At all times relevant to this complaint, Defendant Sergeant Wayne (hereinafter "Wayne") was employed as a sergeant in Division 5 R.C.D.C. 2 to 10 shift at C.C.J. He is sued in his individual and official capacities.

> ANSWER: Defendant Wayne admits the allegations contained in paragraph thirteen.

14. At all times relevant to this complaint, Defendant Correctional Officer McClendon (hereinafter "McClenden") was employed as a correctional officer in Division 5. R.C.D.C. 2 to 10 shift at C.C.J. He is sued in his individual and official capacities.

> ANSWER: Defendant McClendon admits the allegations contained in paragraph fourteen.

15. At all times relevant to this complaint, Defendant M.Rentas (hereinafter "Renats") was employed as an internal affairs investigator at the Cook County Jail. He is sued in his individual and official capacities.

> ANSWER: Defendant Rentas admits the allegations contained in paragraph fifteen.

16. At all times relevant to this complaint, Defendants John doe 1-30 were employed as Correctional Officers in division 5 and Division 5 R.C.D.C. at the Cook County Jail. They are being sued in their individual and official capacities. The real names and identities of John Doe 1-30 are unknown to the Plaintiff. If able to name and identify these John Does they will be properly added in an amended complaint.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen.

## Color of State Law

17. All of the Defendants have acted under the color of state law at all times relevant to this complaint.

ANSWER: Defendants deny the allegations contained in paragraph seventeen.

## I

18. Excessive force claim-individual liability and deliberate indifference.

ANSWER: Defendants deny the allegations contained in paragraph eighteen.

19. On April 26, 2006 Defendants Sheahan, Kurtovich, Andrews, Supt. Doe, Chief Doe, Mundt, Doody, Wayne, Gavin, Gilmore, Ruzanski, McClenden, Rentas, and John Does 1-30 were duly employed employees of the Cook County Department of Corrections working at the Cook county Jail within their scope of employment and pursuant to the practice, policies and procedures of the Cook County jail which applies to it's detainees.

6

ANSWER:　　Answering defendants admit the allegations contained in paragraph nineteen.

### Count One:

20.　　On April 26, 2006 in the C.C.J. Division 5 hallway between tiers 1-A and 1-B the Plaintiff was beaten, punched, stomped, kicked, and dragged by Defendants Gavin, Gilmore, Ruzanski, Doody, and John doe's 1-20 these actions were done maliciously and sadistically for the sole purpose of causing the Plaintiff physical pain and suffering.  Defendants Chief Doe, Captain Doe, and Mundt stood by watching allowing and condoning the use of excessive force on the Plaintiff.

ANSWER:　　Defendants deny the allegations contained in paragraph twenty.

21.　　As a direct and proximate cause of the above described actions and inactions of the Defendants.  The Plaintiff 8th and 14th United States constitutional rights to be free from excessive force and cruel and unusual punishment were violated.  The Plaintiff also suffered head, neck and back trauma, and pain throughout the entire body which continues to the present day.

ANSWER:　　Defendants deny the allegations contained in paragraph twenty-one.

22.　　On information and belief, Defendants Gavin, Gilmore, Doe 1-30 McClenden, and Wayne have engaged in several dozen past instances of excessive force on C.C.J. detainees which would constitute  as a practice, 16 was pursuant to this practice of excessive force that defendants used on plaintiff as set forth in paragraphs 1 through 21 supra and incorporated

herein.  Defendants Sheahan, Kurtovich Andrews, supt. Doe, chief doe, Captain doe, Mundt, and Rentas knew of this practice of excessive force knew that this practice of excessive force posed an imminent risk of serious bodily harm if not death to the detainees of C.C.J. and failed to take the reasonable steps to protect plaintiff and others from said practice of excessive force, despite the duty they owed plaintiff.  Therefore, directly and proximately causing the excessive force suffered as described in paragraph 1-21 and incorporated herein.  Defendants Sheahan knew of past usage of excessive force practice knew it was continuely going on, knew his subordinates were not taking the reasonable steps to protect the jail detainees, and therefore he, himself encouraged allowed condoned and ultimately approved of the excessive force practice at C.C.J.

    ANSWER:    Answering defendants deny the allegations contained in paragraph twenty-two.

23.    Moreover the excessive force suffered by plaintiff and other C.C.J. detainees be covered up.  Defendants Sheahan, Kurtovich, Andrews, Supt. Doe, Chief Doe, and Rentas took steps insuring that the actions of the defendants and other C.C.J. officers would be covered up, therefore further encouraging the practice and procedure of excessive force on C.C.J. detainees.

    ANSWER:    Answering defendants deny the allegations contained in paragraph twenty-three.

**Count 2**

Realleging paragraph 1-23 above and incorporating herein.

    ANSWER:    Answering defendants incorporate by reference their answers in paragraphs one through twenty-three.

24.     On April 26, 2006 at approximately 4:08pm in the C.C..J. Division 5 hallway outside the security office immediately following the excessive force used on plaintiff alleged in paragraph 20 count one.  The plaintiff was handcuffed behind the back, placed in leg irons and put on his knees facing a brick wall.  Defendants Gavin and Gilmore approached the Plaintiff from behind and begin smashing his head into the wall.  This was done for the sole purpose of causing the plaintiff pain and suffering.  As a result the plaintiff suffered serious head and neck injuries and an approximate two inch laceration and swelling to the forehead.  Defendants Mundt, Chief, and Captain Doe stood nearby watching and codoning the use excessive force and did nothing to protect the plaintiff.  The actions of the defendants were done deliberately and maliciously at all times relevant to this complaint.

ANSWER:     Answering defendants deny the allegations contained in paragraph twenty-four.

25.     In establishing municipal liability on this count, the plaintiff realleges and incorporates into this paragraph the allegations of paragraphs 1-24 supra.

ANSWER:     Answering defendants incorporate by reference their answers in paragraphs one through twenty-five.

**Count three**

26.     On April 26, 2006 at approximately 4:20 pm in C.C.J. division 5 R.C.D.C. defendants Ruzanski, Mundt, McClenden, Wayne, and John Does 21-30 beat stomped punched, kicked, and otherwise tortured the plaintiff while the plaintiff was in full restraints (handcuffs and leg irons.)  and unable to protect or defend himself.  As a result of this excessive force the

plaintiff suffered multiple bruises and lacerations over his body, serious cuts to the wrists and ankles when officers purposely tightened the cuffs and leg irons. A chipped tooth, and a severe cut to the lower lip which required 6 stitched to close. The actions of the defendants were done deliberately and maliciously at all times relevant to this complaint.

> ANSWER: Answering defendants deny the allegations contained in paragraph twenty-six.

27. In establishing municipal liability on this count, the plaintiff realleges and incorporates into this paragraph allegations of paragraph 19 supra.

> ANSWER: Answering defendants incorporate by reference their answers in paragraphs one through nineteen.

28. The plaintiff further alleges that defendants Kurtovich, Supt. And Chief Doe, Andrews and Rentas took steps in covering up the use of excessive force against the plaintiff by placing the plaintiff into administrative segregation (A.B.O. or S.I.) for a period of 9 months approximately. Then charged criminally. The detainee grievance filed by the plaintiff for administrative relief was not properly investigated, no witnesses nor was the plaintiff interviewed. Investigator Rentas added in covering up the excessive force used against the plaintiff.

> ANSWER: Answering defendants deny the allegations contained in paragraph twenty-eight.

**AFFIRMATIVE DEFENSES**

Defendants BRIAN RUZANKI, TYRONE GILMORE, OLLIE GAVIN, OFFICER McCLENDON, SGT. WAYNE, M. RENTAS, SGT. DOODY, LT. MUNDT, DIRECTOR ANDREWS and SCOTT KURTOVICH, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, JACK G. VERGES, in further response to the Plaintiff's complaint and in the alternative, affirmatively states as follows:

**FIRST AFFIRMATIVE DEFENSE:**  Defendants BRIAN RUZANKI, TYRONE GILMORE, OLLIE GAVIN, OFFICER McCLENDON, SGT. WAYNE, M. RENTAS, SGT. DOODY, LT. MUNDT, DIRECTOR ANDREWS and SCOTT KURTOVICH did not violate any of Plaintiff's clearly established constitutional rights, and defendant is therefore entitled to qualified immunity from plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE:**  Plaintiff's injuries, if any, were caused by his own actions.

**THIRD AFFIRMATIVE DEFENSE:**  Plaintiff failed to exhaust all Administrative remedies pursuant to 42 U.S.C. § 1997(e).

**JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees. Defendants pray that this honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant Defendants fees, costs, and such other belief that this Court deems just and appropriate.

        Respectfully submitted,

        RICHARD A. DEVINE
        State's Attorney of Cook County

By:  /s/ Jack G. Verges
      Jack G. Verges
      Assistant State's Attorney
      Civil Actions Bureau
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-3469
      #6186215