# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1019 | **DATE** | July 11, 2008 |
| **CASE TITLE** | Jerome Allen James (2008-0026641) v. Michael Sheahan | | |

**DOCKET ENTRY TEXT:**

Plaintiff's letter to the Court [33] is construed as a motion requesting an extension of time, a court order for greater access to the jail library, and the appointment of counsel. The Court grants in part and denies in part the motion. Plaintiff's request for an extension of time to respond to the motion to dismiss is granted. Plaintiff shall have until August 8, 2008 to file a response. If plaintiff responds, Sheahan shall have until August 22, 2008 to reply. Ruling will be by mail. Plaintiff's request for a court order allowing him additional access to the law library is denied; however, the court requests that correctional officials grant plaintiff reasonable access to the library. Plaintiff's request for the appointment of counsel is denied at this time. The clerk shall mail a copy of this order to the Cook County Jail's Executive Director, Administrative Office, Div. V, 2700 S. California, Chicago, IL 60608. The clerk shall also send plaintiff another copy of the Court's filing instructions, and copy of the motion to dismiss [27].

■ [**For further details see text below.**] Docketing to mail notices.

## STATEMENT

Plaintiff's request for the Court to order that he be given greater access to the jail's law library is denied. An inmate's right of meaningful access to the courts does not encompass an unfettered right of access to jail law libraries. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to library access sufficient to enable a plaintiff to research the law, determine what facts are necessary to state a cause of action, perform basic research, formulate legal theories, and get through initial stages of lawsuit. *Id.* at 322; *Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The Court is reluctant to interfere with the jail's day-to-day operation and its management of library requests. Nevertheless, the Court certifies that a motion to dismiss is pending in this case, and requests that correctional officials grant plaintiff reasonable access to the jail's library during the pendency of this case. Correctional officials may determine the manner that best accommodates plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.

Plaintiff's request for the appointment of counsel is denied at this time. Presently, the only motion to which plaintiff need respond is Defendant Michael Sheahan's motion to dismiss him as a defendant. Sheahan argues that plaintiff does not allege that Sheahan was personally involved in the acts giving rise to plaintiff's suit. To respond to the motion, plaintiff should state how Sheahan was involved and why he is named as a defendant A supervisory official may not be held liable under 42 U.S.C. § 1983 for the constitutional torts of his subordinates. However, the official may be liable if he knows of and facilitates, approves, condones, or turns a blind eye to unconstitutional conduct or if an unconstitutional policy or custom existed. *Ross v. Town of Austin, Ind.*, 343 F.3d 915, 918 (7th Cir. 2003); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir.2000). Given that the issues with respect to the motion to dismiss are not complex and considering plaintiff's ability to present his arguments in his pleadings, appointment of counsel is not warranted at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). The Court may revisit the issue of appointing counsel at a later stage in the case.

isk