UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME ALLEN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1019 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James Holderman |
| MICHAEL SHEAHAN, SCOTT KURTOVICH, | ) | |
| DIRECTOR ANDREWS, SUPT. DOE, | ) | Magistrate Judge Schenkier |
| CHIEF DOE, CAPTAIN DOE, LT. MUNDT, | ) | |
| SGT. DOODY, M. RENTAS, SGT. WAYNE, | ) | |
| C/O McCLENDON, OLLIE GAVIN, | ) | |
| TYRONE GILMORE, BRIAN RUZANSKI, | ) | |
| JOHN DOE 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

NOW COMES DEFENDANT, MICHAEL SHEAHAN, former Sheriff of Cook County, by his attorney Richard A. Devine, by and through his assistant Jack G. Verges, Assistant State's Attorney, and pursuant to Fed.R.Civ.P. 12(b)(6), and in reply to Plaintiff's Response to Defendant Michael Sheahan's 12(b)(6) Motion to Dismiss, again move this Honorable Court to dismiss the Plaintiff's Amended Complaint. In support therefore, the Defendant states as follows:

**1. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

Plaintiff asserts that Defendant Michael Sheahan was aware that his subordinates were violating the constitutional rights of the detainees housed in Cook County Jail and failed to take the steps necessary to protect those rights. Specifically Plaintiff alleges that the Defendant was aware of the policy and practice to use excessive force against detainees. Plaintiff contends that the Defendant was aware of these constitutional violations because the use of excessive force

against detainees is a long-standing practice in Cook County Jail. He states there were thousands of complaints of excessive force made against the Sheriff's Office.  However, to hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated.  *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974).   An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation.  *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Plaintiff has not alleged in his amended complaint or his response that Defendant Michael Sheahan personally participated in the deprivation of his constitutional rights.  Plaintiff seeks to prove that the Defendant knew of the excessive force allegedly being used against detainees simply by stating that there was an alleged policy of such use of excessive force. However, simply by asserting that he was aware of an alleged policy of excessive force being used against detainees is not sufficient to allege that the defendant was personally involved in the deprivation.  As the court stated in *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), "Alleging one specific incident in which the Plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the Plaintiff must allege a specific pattern or series of incidents that support the general allegation."  Plaintiff only generally alleges a practice of the use of excessive force.   Therefore there are no allegations that Defendant Michael Sheahan participated directly or otherwise in any alleged violation of Plaintiff's constitutional rights.  As such, Plaintiff fails to state a claim upon which relief can be granted and the complaint should be dismissed with prejudice with regard to Sheahan in his individual capacity.

**WHEREFORE**, Defendant Michael Sheahan, former Sheriff of Cook County, respectfully requests this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: /s/ Jack G. Verges
    Jack G. Verges, Assistant State's Attorney, #6186215
    Elizabeth A. Cocat, 711 Law Clerk 2008LS00373
    500 Richard J. Daley Center
    Chicago, IL 60602
    (312) 603-3469