# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1019 | **DATE** | September 10, 2008 |
| **CASE TITLE** | Jerome Allen James (B-68976) v. Michael Sheahan | | |

**DOCKET ENTRY TEXT:**

Defendant Michael Sheahan's motion to dismiss the complaint's claims against him [27] is denied. Sheahan shall answer the complaint or otherwise respond within 30 days of the date of this order. This case is set for a status hearing on 10/23/2008 at 9:30 AM. Defense counsel is requested to arrange a telephonic connection with plaintiff for the status hearing.

■ [**For further details see text below.**]                                                                     Docketing to mail notices.

## STATEMENT

Plaintiff, Jerome Allen James (B-68976), currently incarcerated at Pinckneyville Correctional Center filed a civil rights complaint against a number of Cook County Jail officers and former sheriff Michael Sheahan. Plaintiff alleges the following: on April 26, 2006, in a hallway in the Cook County Jail, Defendants Gavin, Gilmore, Ruzanski, Doody, Mundt, McClenden, Wayne, and 20 other officers unknown to Plaintiff "beat[ ], punched, stomped, kicked, and dragged" Plaintiff; these defendants engaged in "several dozen past instances of excessive force" on detainees; Defendants Sheahan, Kurtovich, Andrews, Rentas, and other jail officials unknown to Plaintiff "knew of this practice of excessive force" and "failed to take the reasonable steps to protect plaintiff and others; and these supervisory official defendants "took steps [e]nsuring that the actions of the defendants and other CCJ officials would be covered up." *See* Complaint, counts 1 and 2. Detailing the beating incident, Plaintiff states that he was in a hallway in the jail with handcuffs and leg irons, kneeling in front of a concrete wall; Defendants Gavin and Gilmore "smashed" Plaintiff's head into the wall; Defendant Mundt stood by and watched; and later, Defendants Ruzanski, Mundt, McClenden, Wayne, and other officers "beat, stomped, punched, kicked, and otherwise tortured" Plaintiff. *See* Complaint, counts 2-3.

The majority of the defendants have been served and have answered the complaint. Defendant Michael Sheahan, former Cook County Sheriff, has responded with a motion to dismiss the claims against him. He argues that Plaintiff has not alleged that Sheahan was personally involved in the torts against Plaintiff and that Plaintiff's allegations that Sheahan was aware of an alleged custom of excessive force is insufficient to state a claim. Sheahan contends that Plaintiff is seeking to hold Sheahan liable for one beating incident, in which Sheahan was not an active participant.

**(CONTINUED)**

isk

**STATEMENT (continued)**

When considering a motion to dismiss, this Court assumes true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). When addressing a motion to dismiss, a court first determines whether, under the notice pleading requirement of Fed. R. Civ. P. 8(a), the complaint sufficiently provides the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). The complaint need not provide extensive specific facts; it need only state a legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65.

A court must also determine if the allegations therein "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). The complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 127 S. Ct. at 1965. Nor must a court presume facts not alleged. *Id.* Also, if the plaintiff pleads facts that demonstrate that he has no claim, he may plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Nevertheless, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Furthermore, a court must liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

There is no respondeat superior liability under § 1983, and a supervisory official, such as Sheahan, cannot be held liable for the constitutional torts of his subordinates under such a theory. Plaintiff must therefore demonstrate that Sheahan is personally responsible for a constitutional tort to Plaintiff. *Monell v. Department of Social Serv's*, 436 U.S. 658, 694 (1978); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). The personal-responsibility requirement is met, and supervisors may be liable for the constitutional torts of their subordinates, if the supervisor knows of and facilitates, approves, condones, or turns a blind eye to the conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000); *Duckworth*, 65 F.3d at 561.

Plaintiff's allegations that Sheahan and other supervisory officials knew of beatings by jail officers, condoned such actions, and ensured that such abuse continued by covering up incidents of excessive force sufficiently alleges a claim against Sheahan. Though some of Plaintiff's assertions indicate that he seeks to hold Sheahan liable not for his own tort but for the torts of his subordinates, Plaintiff has asserted sufficient allegations to at least state a claim against Sheahan. The Court notes, however, that Plaintiff proving that the April 26, 2006, incident occurred and then simply alleging widespread abuse would be insufficient to establish liability against Sheahan. *See Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003). A more developed record may demonstrate that Plaintiff's claim against Sheahan is without merit. Nevertheless, Plaintiff's complaint sufficiently state s a claim against Sheahan to survive dismissal at this early pleadings stage of this case.

Accordingly, Sheahan's motion to dismiss is denied, and he must either answer the complaint or otherwise respond within 30 days of the date of this order.